UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
JOHN MICHAEL COHAN,
Plaintiff - Appellant,
v.
JASON L. CALHOUN, et al.,
Defendants - Appellees.
Case No.: 26-10943-F

FILED
8-7-2026
CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## EMERGENCY MOTION TO REINSTATE APPEAL AND FOR ACCEPTANCE OF TIMELY MAILED BRIEF AND IFP MOTION

COMES NOW John Michael Cohan, pro se, an out-of-state litigant, and respectfully moves this

Court to reinstate his appeal and accept his appellate brief and IFP motion as timely filed under

Federal Rule of Appellate Procedure 25(a)(2)(A)(ii). In support of this motion, pursuant to FRAP

25(a)(2)(A)(ii) (mailbox rule) and Eleventh Circuit Rule 27-5, Appellant moves to reinstate.:

I. The Appellate Brief Was Timely Mailed to This Court

1. On April 8, 2026, Appellant mailed his Appellant's Brief to the Clerk of this Court by first-

class mail, postage prepaid. A true and correct copy of the USPS tracking receipt is attached as

**Exhibit A**. The tracking shows the brief was accepted by the USPS on April 8, 2026, and

remains in transit as of April 15, 2026.

2. The brief included the following documents as a single package:

· Appellant's Brief (with a statement on the first page: "This brief is filed subject to the

disposition of Appellant's Motion for Leave to Proceed In Forma Pauperis, filed

concurrently in the district court."

· Civil Appeal Statement

· Certificate of Interested Persons

· Transcript Information Form (certifying no transcripts)

3. Under Federal Rule of Appellate Procedure 25(a)(2)(A)(ii), a brief not filed electronically is timely filed if, on or before the last day for filing, it is "mailed to the clerk by first-class mail, or other class of mail that is at least as expeditious, postage prepaid."

4. The deadline for Appellant's brief was May 3, 2026 (40 days after March 24, 2026). Appellant mailed his brief on April 8, 2026, well within the deadline. Therefore, the brief is timely regardless of when it is received by the Clerk.

## II. The IFP Motion Was Timely Mailed to the District Court

5. On April 7, 2026, Appellant also mailed his Motion for Leave to Proceed In Forma Pauperis (IFP) to the United States District Court for the Middle District of Alabama, along with his financial affidavit and supporting exhibits at this Court's direction. A true and correct copy of the IFP motion package is attached as **Exhibit B**.

6. The IFP motion package included:

· Motion for Leave to Proceed In Forma Pauperis on Appeal

· Affidavit in Support of IFP Motion (with financial exhibits)

· Transcript Information Form (certifying no transcripts)

7. The Civil Appeal Statement and Certificate of Interested Persons were not sent to the district court—they were filed with this Court as part of the brief package.

## III. Sworn Declaration Under Penalty of Perjury

8. Pursuant to 28 U.S.C. § 1746, Appellant submits the following declaration:

DECLARATION OF JOHN MICHAEL COHAN

I, John Michael Cohan, declare under penalty of perjury that the following is true and correct:

8(1). I am the Plaintiff-Appellant in the above-captioned case.

8(2). On April 7, 2026, I personally deposited the following documents in the United States mail, first-class postage prepaid, addressed to the Clerk of the United States District Court for the Middle District of Alabama, 1 Church Street, Montgomery, Alabama 36104:

- · Motion for Leave to Proceed In Forma Pauperis on Appeal

- · Affidavit in Support of IFP Motion (with financial exhibits)

- · Transcript Information Form (certifying no transcripts)

8(3). On April 8, 2026, I personally deposited my Appellant's Brief in the United States mail, first-class postage prepaid, addressed to the Clerk of the United States Court of Appeals for the Eleventh Circuit, 56 Forsyth Street, N.W., Atlanta, Georgia 30303.

8(4). The brief package I mailed to the Eleventh Circuit included:

- · Appellant's Brief

- · Civil Appeal Statement

- · Certificate of Interested Persons

- · Transcript Information Form (certifying no transcripts)

8(5). I acted in good faith and believed that mailing these documents on April 7th and 8th, 2026, would result in their timely receipt by the respective courts.

8(6). The postal delay that has prevented the IFP motion from reaching the district court and the brief from reaching this Court is beyond my control. I have no reason to believe the documents will not eventually be delivered.

8(7). I have attached to this motion true and correct copies of all documents I mailed.

8(8). I declare under penalty of perjury that the foregoing is true and correct.

## IV. Good Cause Exists to Reinstate the Appeal

9. Appellant is an out-of-state litigant and has acted in good faith at all times. He mailed all required documents before the applicable deadlines.

10. The postal delay that has prevented the IFP motion from reaching the district court is beyond Appellant's control. He is not incarcerated, but he is a pro se litigant who relied on the United States mail in good faith.

11. This appeal raises substantial, non-frivolous constitutional claims, including:

· The district court's erroneous application of judicial immunity to a *pre*-filing ex parte meeting that occurred *before* any case existed

· Its misapplication of Rooker-Feldman and Younger abstention

· Its failure to address Appellant's individual capacity claims

· Its improper labeling of Appellant's filings as "synonymous with sovereign citizen filings"

12. Appellant meets the financial eligibility requirements for IFP status. His sworn financial affidavit shows total liquid assets of less than $300, no regular income, and sole custody of a four-year-old daughter.

13. This Court has discretion to reinstate an appeal and accept late-filed IFP motions upon a showing of good cause. FRAP 2; FRAP 24(a)(5). Appellant's good faith mailing of the required documents before the deadlines, combined with the postal delay beyond his control, constitutes good cause.

V. Request for Relief

14. WHEREFORE, Appellant respectfully requests that this Court:

    i. Reinstate his appeal;

    ii. Accept his appellate brief as timely filed under FRAP 25(a)(2)(A)(ii);

    iii. Accept his IFP motion as timely filed, or alternatively, grant him leave to file a new IFP motion directly with this Court; and

    iv. Grant such other and further relief as justice requires.

<u>EXHIBITS</u>

EXHIBIT A (USPS tracking receipt showing April 8th mailing date to Eleventh Circuit, in transit as of 04-15-2026)

EXHIBIT B (Copy of IFP motion package mailed to district court by USPS on 4-7-26)

EXHIBIT C (Dismissal order entered 04-15-2026)

Dated: 04-16-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all defendants have been duly served a copy of the following documents by U.S. Mail and/or email.

Richard Hill, Jr.
150 South Perry Street
PO Box 2069
Montgomery, Alabama 36102
rick.hill@chlaw.com


I hereby certify that on April 16, 2026, a true and correct copy of the foregoing Emergency Motion to Reinstate Appeal and for Acceptance of Timely Mailed Brief and IFP Motion, together with all attached exhibits and the Appellant's Brief, was deposited in the United States mail, first-class postage prepaid, addressed to the Clerk of the U.S. Court of Appeals for the Eleventh Circuit, 56 Forsyth Street, N.W., Atlanta, Georgia 30303.



EXHIBIT A

Brief Still in Transit as of the Date of Dismissal Order

(04-15-2026)

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
John Michael Cohan, living,
Plaintiff-petitioner,
v.
JUDGE JASON L. CALHOUN, in his individual capacity, and John Does 1–10,
Defendants.
Case No.: 3:25-cv-00643-WWB-PDB

Transferred to:
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION
Case No: 2:25-cv-01393-NAD

Second Case Transfer to:
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
New Case No.: 2:25-cv-00742-RAH-KFP

**MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Pursuant to 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24, Appellant, John

Michael Cohan, respectfully moves this Court for leave to proceed on appeal (Case No.: 26-

10943-F) *in forma pauperis* without prepayment of fees or costs or security therefor.

In support of this motion, Appellant states:

1.  He is the Appellant in the above-captioned case and seeks to appeal the final judgment of

    the district court to this Court.

2.  He is unable to pay the fees and costs associated with this appeal, or to give security for

    them, due to his indigent status. His financial affidavit, signed under penalty of perjury,

with supporting exhibits is attached hereto as **Exhibit A** and fully incorporated herein by reference.

3. His financial affidavit demonstrates that he has minimal liquid assets (totaling less than $150), no regular income, and is the sole provider for his four-year-old daughter. His monthly expenses far exceed his income.

4. He believes he is entitled to redress and that the appeal is taken in good faith, as it challenges fundamental due process violations and clear errors of law in the district court's application of abstention doctrines, judicial immunity, and pleading standards. The substantial nature of the issues presented is detailed in the accompanying Docketing Statement and Civil Appeal Statement.

5. The district court denied as moot Appellant's Motion for Leave to Proceed In Forma Pauperis (Doc. 71) in its February 19, 2026 Order (Doc. 83) due to the dismissal of the action. Appellant now seeks IFP status directly from this Court for purposes of the appeal.

6. THIS APPEAL RAISES MULTIPLE NON-FRIVOLOUS ISSUES

| No. | Issue |
| --- | --- |
| 1 | Whether the district court erred in concluding that absolute judicial immunity barred claims based on alleged *pre*-filing conduct that Appellant contends was nonjudicial and occurred before any case was pending. |
| 2 | Whether the district court erred in applying *Rooker-Feldman* to claims alleging independent *pre*-filing conduct, rather than injuries caused by a state-court judgment. |

3    Whether the district court erred in applying Younger abstention to claims challenging alleged *pre*-filing conduct that Appellant contends was not the subject of any ongoing state proceeding.

4    Whether the district court erred by failing to separately analyze Appellant's individual-capacity claims and the allegations of nonjudicial conduct.

5    Whether the district court abused its discretion in denying leave to amend despite a proposed second amended complaint that Appellant contends cured the deficiencies identified by the magistrate judge.

6    Whether the district court erred in concluding that Appellant failed to allege a property interest where the Amended Complaint attached quitclaim deeds and related documents that Appellant contends establish a plausible interest under Alabama law.

7    Whether the district court erred in relying on allegations from a superseded complaint after Appellant filed an amended complaint.

WHEREFORE, Appellant, John Michael Cohan, respectfully requests that this Court grant his motion, permit him to proceed *in forma pauperis* on appeal, and waive the requirement for prepayment of fees and costs.

Dated: 04-07-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

<u>Certificate of Service</u>

I hereby certify that all defendants have been duly served a copy of the following documents by U.S. Mail and/or email.

Richard Hill, Jr.
150 South Perry Street
PO Box 2069
Montgomery, Alabama 36102
rick.hill@chlaw.com

# Exhibit A

## AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED
## ON APPEAL IN FORMA PAUPERIS

FLORIDA STATE
DUVAL COUNTY

I, John Michael Cohan, being first duly sworn, depose and state that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the Appellant in this action and seek to appeal to the United States Court of Appeals for the Eleventh Circuit.

2. I am unable to pay the fees and costs associated with this appeal, or to give security for them. My financial situation is as follows:

a. Employment & Income: I am currently unemployed. My sole source of income is government assistance in the form of Supplemental Nutrition Assistance Program (SNAP) benefits. I receive no salary, wages, or unemployment compensation. I occasionally receive nominal funds from plasma donation, which is used for basic subsistence. My projected total annual income is approximately $6,972 which is below the federal poverty level of $15,650 for an individual and qualifies me for in forma pauperis status. For Tax Year 2025, I earned less than $2,500.

b. Cash Assets: The total of all cash and funds in my checking and savings accounts is:

| Source: | Amount: |
|---|---|
| Cash financial assistance | $2.71 |
| Bank account #1 | $0.13 |
| Bank account #2 | $76.30 |
| Checking account | $4.05 |
| Plasma debit card (donations) | $37.43 |
| Travel gas card (Florida benefits) | $0.00 |
| Total cash / liquid balance | $120.62 |
| Food stamps (SNAP benefits) | $766.32 (not cash; food only) |

c. Dependents: I have sole legal and physical custody of my four-year-old daughter. I am her only provider, and all my limited income and resources are used for our basic subsistence, including her food, clothing, and shelter.

d. Real Property: I am on the title of a domicile that is currently in foreclosure proceedings due to my inability to pay the mortgage. I have no equity or liquid assets I can access to pay filing

fees. I am merely a tenant-in-possession with no financial interest in the property. For safety reasons related to an active protective order, I omit the specific address, but I will provide it in camera if required by the Court.

e. Monthly Expenses: My essential monthly living expenses for myself and my daughter, including housing, utilities, food, transportation, and other basic necessities, exceed $2,500. These are estimates based on bills owed, not amounts paid. Any variation between $2,500 and higher figures in prior filings, if any, reflects normal fluctuations in monthly obligations for someone in financial distress. Some months certain bills are not paid. These necessary costs of living far surpass my income and negligible liquid assets, making it impossible for me to pay the $605 appellate filing fee.

f. Other Assets:

- o I have a potential interest in a real estate portfolio located in Alabama that is the subject of pending state litigation as this Court is aware. However, the opposing party controls the properties, collects all rent, and a cloud on the title makes any sale or refinance impossible. This entity provides me with no income, no accessible funds, and has no liquid value to me at this time.

- o I do not own a vehicle.

- o All of my former business entities are defunct and generate no income.

- o I have no substantial retirement accounts, stocks, bonds, or other investments.

- o I have no trust funds or expected inheritances.

g. Debt and Financial Collapse: A $9 million corporate collapse that forms the backdrop of this litigation destroyed my businesses and left me financially devastated. I survive through state assistance and drawing on dwindling resources. I have no access to credit or loans to pay court fees.

h. Expenses vs. Income: My mortgage/rent is unpaid, my home is in foreclosure, and I am surviving through assistance, unreliable income and non-payment of certain bills. I am unable to pay the $605 filing fee because I have no stable disposable income and no liquid assets.

3. I believe I am entitled to redress and that this appeal is taken in good faith. It raises substantial, non-frivolous questions regarding the district court's erroneous application of the *Rooker-Feldman* doctrine, *Younger* abstention, and judicial immunity, as well as its failure to properly address my well-pleaded allegations of a *pre*-filing undisclosed ex parte meeting and ministerial misconduct.

4. The attached screenshots from my banking and benefits applications as of April 5, 2026, accurately reflect my available financial resources and corroborate the financial information provided herein.

5. I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: 04-07-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

4:51



# Good morning, John

Cha-ching! Get paid early 💰🛒

Set up direct deposit, then opt-in to early direct deposit to get paid up to 2 days early.

Set up direct deposit

• • •

Wisely Pay - 0985



$0.00

**Available Balance**







4:54

Good Morning,

# John!

JC

My Appointments          My Balances

 **Debit Card**

Current Balance

## $37.43

>



# EXHIBIT C

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 15, 2026

Clerk - Middle District of Alabama
U.S. District Court
1 CHURCH ST
MONTGOMERY, AL 36104

Appeal Number:  26-10943-F
Case Style:  John Cohan v. Jason Calhoun, et al
District Court Docket No:  2:25-cv-00742-RAH-KFP

The enclosed copy of the Clerk's Order of Dismissal for failure to prosecute in the above referenced appeal is issued as the mandate of this court. See 11th Cir. R. 41-4.

Any pending motions are now rendered moot in light of the attached order.

Clerk's Office Phone Numbers
General Information:   404-335-6100    Attorney Admissions:    404-335-6122
Case Administration:   404-335-6135    Capital Cases:    404-335-6200
CM/ECF Help Desk:   404-335-6125    Cases Set for Oral Argument: 404-335-6141

Enclosure(s)

DIS-2 Letter and Entry of Dismissal

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 26-10943-F

_____

JOHN MICHAEL COHAN,

Plaintiff - Appellant,

versus

JUDGE JASON L. CALHOUN,
CHILTON COUNTY COMMISSION,
CHILTON COUNTY PROBATE COURT,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

ORDER: Pursuant to the 11th Cir. R. 42-1(b), this appeal is DISMISSED for want of prosecution because the appellant John Michael Cohan failed to pay the filing and docketing fees to the district court, or alternatively, file a motion to proceed in forma pauperis in district court within the time fixed by the rules.

Effective April 15, 2026.

DAVID J. SMITH
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

FOR THE COURT - BY DIRECTION

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 06, 2026

Clerk - Middle District of Alabama
U.S. District Court
1 CHURCH ST
MONTGOMERY, AL 36104

Appeal Number: 26-10943-F
Case Style: John Cohan v. Jason Calhoun, et al
District Court Docket No: 2:25-cv-00742-RAH-KFP

The referenced appeal was dismissed.

Appellant's motion to reinstate this appeal has been granted by the clerk.

The parties have 14 days from the date of this order to file a notice with the Clerk specifying which motions mooted by the dismissal of this appeal, **if any**, are to be renewed. The time for filing a response to any renewed motion runs from the date the opposing party's notice is docketed. Parties seeking to renew a motion after the 14-day renewal period expires will be required to refile the motion.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

REINST-2 Clerk Reinst_Mot Granted

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 26-10943-F

_____

JOHN MICHAEL COHAN,

Plaintiff - Appellant,

versus

JUDGE JASON L. CALHOUN,
CHILTON COUNTY COMMISSION,
CHILTON COUNTY PROBATE COURT,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

ORDER: The motion to reinstate appeal is GRANTED. The appeal is reinstated by the clerk, effective May 06, 2026.

DAVID J. SMITH
Clerk of Court of the United States Court
of Appeals for the Eleventh Circuit

FOR THE COURT - BY DIRECTION