UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

District Court Case No.: 3:25-CV-1398-TJC, *Cohan v. Cohen*

## NOTICE OF CLERICAL ERROR AND REQUEST FOR CORRECTION

COMES NOW John Michael Cohan, protected person, pro se, and respectfully notifies the Court

of a clerical error in the docketing of his filings and requests correction.

I. THE FILING

1.  On August 7, 2026, the undersigned filed a Notice of Filing (Doc. 29) with three (3)

    attachments:

    i.   Motion for Leave to Proceed on Appeal In Forma Pauperis (Calhoun appeal, 11th

         Cir. No. 26-10943-F);

    ii.  Emergency Motion to Reinstate Appeal and for Acceptance of Timely Mailed

         Brief (Calhoun appeal, 11th Cir. No. 26-10943-F); and

    iii. The Reinstatement Order (Calhoun appeal, 11th Cir. No. 26-10943-F).

2. The Notice of Filing explicitly stated that these documents were being submitted with the

filing (Doc. 29) as a single notice.

## II. THE ERROR

3. The Clerk's office docketed these documents as three (3) separate entries despite also being verbally told it was all one (1) filing. The Notice of Filing was docketed as Doc. 29. The IFP Motion was docketed as Doc. 30. The Emergency Motion to Reinstate was docketed as Doc. 31.

4. The undersigned did not file three (3) separate motions. The undersigned filed one (1) Notice of Filing with three (3) attachments that were clearly identified in the notice as documents related to a different case in a different jurisdiction.

## III. THE TRUSTEE'S NOTICE OF FILING — A "NON-PARTY'S" PREJUDICE

5. On August 7, 2026, the Friday before the weekend before an underlying recusal motion is heard (3:24-bk-00496, Bankr. Doc. 622; 2:26-mp-00001, Misc. Doc. 3 (hearing set August 12, 2026)), Aaron R. Cohen, the Chapter 7 Trustee, filed a Notice of Filing (Doc. 28) attaching an Order from the Middle District of Alabama in *Cohan v. Calhoun*, Case No. 2:25-cv-00742-RAH. The Trustee has alleged that he is not a party to that case, which has delayed and stayed (Doc. 14) this appeal for over nine (9) months without reasonable justification. The Trustee had no reason to file the notice (Doc. 28) other than to prejudice the undersigned. Yet he did so anyway; a very strong sign of desperation.

6. In response, on the same day, August 7, 2026, the undersigned filed a Notice of Filing attaching documents from the same case that the Trustee had. The undersigned did not ask the Court to rule on those documents. He merely filed a notice to put them on the record, so that the Court would have an accurate picture of the actual status of that still pending appeal.

7. The Trustee's filing was docketed correctly as a single Notice of Filing (Doc. 28). The undersigned's filing was split into three (3) separate entries (Docs. 29, 30, and 31) — making it

appear as if the undersigned filed three (3) separate filings regarding a different case when he filed one (1) notice for this case including those documents.

8. The Trustee, a fiduciary to the estate in the underlying bankruptcy, has alleged that he is a non-party to this appeal, filed a notice attaching documents from another case and it was docketed correctly. The undersigned, a pro se litigant, filed a notice attaching documents from that same case and it was docketed incorrectly — whether it was a mistake or intentional, it created the false perception that he is filing improper filings in this Court.

9. The Trustee's filing (Doc. 28) and the undersigned's filing (Doc. 29) are substantively identical in form and purpose. Both are notices attaching documents from the other case. But only the undersigned's was split into multiple entries.

10. When the undersigned called the Clerk's office to correct the error, the clerk insinuated that it was the undersigned's fault because he did not write the word 'Exhibit' on the attachments, even though the Notice of Filing explicitly stated that the three (3) documents were submitted with the notice of filing. Rather than just correcting the record, the clerk responded that she did not know what the Court would do — effectively leaving the Court's own error uncorrected. The undersigned is now required to file this notice to correct a record that should have been docketed properly per the Notice of Filing (Doc. 29) and the unambiguous verbal instructions ("This is all one filing") given to the clerk on that Friday. The undersigned would never file a motion in a different district, a different state, or on behalf of a different case with the intention to have a Court without jurisdiction to rule on a separate court's jurisdiction — that would be in bad faith, erroneous, vexatious, and frivolous, all the labels the Trustee and others like to place on him without evidentiary support, while they themselves act in bad faith, and docket erroneous, vexatious and frivolous filings (i.e. Doc. 28).

11. Despite the Trustee's attempt to prejudice the undersigned, the documents the undersigned submitted speak for themselves. A documented history of a *pre*-petition ex parte meeting without the consent or presence of the undersigned admitted to in a filing by the opposing party in the related state matters (Chilton County Alabama State Case No. 14-CV-2025-900132, filed July 6, 2025; Chilton County Alabama Probate Case No. 25-077, filed May 8, 2025) to the underlying bankruptcy court in this matter (3:24-bk-00496, Bankr. Doc. 342 at pg. 3, filed March 26, 2025) prior to any Alabama state case being filed; that the opposing parties involved would love to and have attempted to 'sweep under the rug' (Please see 26-10943, Appellate Docket No. 9 ¶ 6; Doc. 31) and which is strikingly similar to the horrific history of this matter and the underlying bankruptcy matter below it that the Trustee seemingly ignores.

12. Ethically speaking, however, even though this Alabama case is outside of this Court's purview, the underlying bankruptcy court, the Court, the Trustee, and any other professional who witnessed Mr. Mims' admission of irregular conduct are required to report that conduct — and they have a continuing duty to preserve the integrity of the record, correct errors, and maintain the administration of justice.

IV. THE PROBLEM

13. The IFP Motion (Doc. 30) and Emergency Motion to Reinstate (Doc. 31) belong to *Cohan v. Calhoun*, Case No. 26-10943-F — a case pending in the United States Court of Appeals for the Eleventh Circuit in Atlanta, Georgia.

14. This Court has no jurisdiction over that appeal. The undersigned never requested that this Court rule on or docket those motions as independent filings.

15. The undersigned merely filed a Notice of Filing to put the documents on the record in this case — exactly in response to what the Trustee did in Doc. 28.

16. The Trustee filed a notice attaching documents from another case and it was docketed correctly. The undersigned filed a notice attaching documents from another case and it was split into three (3) separate entries, creating prejudice and the false appearance of improper filings.

## V. REQUEST FOR RELIEF

17. The undersigned respectfully requests that the Court:

    i. Correct the docket to reflect that, Docs. 30 and 31 are exhibits to the Notice of Filing (Doc. 29) and not independent motions filed in this case;

    ii. Strike the docket entries for Docs. 30 and 31 as independent filings and re-docket them as attachments to Doc. 29; or

    iii. Enter an order clarifying that the undersigned is not seeking any relief from this Court regarding the Calhoun appeal and that the documents were filed merely as a notice, consistent with the treatment given to the Trustee's Notice of Filing (Doc. 28).

## VI. CONCLUSION

18. The undersigned is not seeking relief from this Court regarding the Calhoun appeal. The clerk's error in docketing these documents as independent motions should be corrected to avoid prejudice, confusion, and any appearance of disparate treatment. WHEREFORE, the undersigned respectfully requests that the Court correct the docket as set forth above.

Dated: 08-11-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system, US Mail, and/or email.