UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re: Genie Investments NV Inc.

JOHN MICHAEL COHAN,

Appellant,

v. Case No.: 3:25-cv-1398-JEP

AARON R. COHEN,

Appellee.
_______________________________/

**ORDER**

**THIS CAUSE** is before this Court on appeal from the bankruptcy court's denial of Appellant's motion for leave to appeal in forma pauperis. Upon review of the record transmitted from the bankruptcy court, this Court vacates the bankruptcy court's denial and remands for further proceedings.

**I.**

The debtor filed the underlying bankruptcy case on February 21, 2024, and has been undergoing chapter 7 proceedings since August 12, 2024. (Doc. 2-6 at 8; Doc. 2-8 at 2, 37). Appellant is a former principal and 50% shareholder of the debtor. (Doc. 2-6 at 2).

On April 17, 2024, the meeting of creditors took place pursuant to 11

U.S.C. § 341(a). (*See* Doc. 2-8 at 10).[1] Appellant alleges that his former significant other attended and spoke during the meeting via telephone, in apparent violation of a restraining order he had obtained against her. (*See, e.g.*, Doc. 2-5 at 51, 55). In addition, the United States trustee assigned to the case appointed an examiner, who conducted an investigation and issued a report. (*Id.* at 77; *see also* Doc. 2-8 at 9–10, 23).

Over a two-month period between January 27 and March 27, 2025, Appellant, representing himself, submitted twenty-eight filings on the debtor's bankruptcy docket, which the bankruptcy court characterized as "recycl[ing] the same arguments in a seemingly unending stream of pleadings." (Doc. 2-6 at 9; *see* Doc. 2-8 at 47–50, 53–56). In response, the bankruptcy court entered an order on March 27 (the "**Show Cause Order**") "temporarily restrict[ing]" Appellant from submitting further pro se filings pending the outcome of a hearing and providing that "[a]ny pleadings filed in violation of this Order will be stricken." (Doc. 2-6 at 8–10). The hearing on the Show Cause Order was held on June 24, 2025 and "continued until further order of the court." (Doc. 2-8 at 59–60). The bankruptcy court did not enter any further order related to the Show Cause Order, and the pro se filing restriction remained in effect

[1] During a chapter 11 proceeding, a debtor is required to "submit to examination under oath at the meeting of creditors under [11 U.S.C. § 341(a)]," such that "[c]reditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor." 11 U.S.C. § 343; *see also id.* § 341(a).

through the date of this appeal. (Doc. 2-6 at 2 n.2; *see* Doc. 2-8 at 61–72). After entry of the Show Cause Order, Appellant submitted at least fifty more filings to the bankruptcy docket, (*see* Doc. 2-8 at 57–58, 61–63, 65–72), some of which contain information relating to the examiner's report or the alleged restraining-order violation that occurred during the Section 341(a) creditors' meeting, (*see, e.g.*, Doc. 2-8 at 63, 70, 72; *see also* Doc. 2-5 at 2, 17–20, 151–53).

Unrelated to the creditors' meeting or the examiner's report, on September 30, 2025, the bankruptcy court concluded that certain legal malpractice claims—which both the debtor and Appellant sought to pursue—were property of the bankruptcy estate, and that Appellant's pursuit of those claims violated the automatic stay. (*See* Doc. 2 at 2–3).[2] On October 9, 2025, the debtor's chapter 7 trustee filed a motion (the "**Compromise Motion**") to consummate a settlement and enjoin all parties, except for the debtor, from asserting any claim relating to the legal-malpractice causes of action against the relevant third parties and successors-in-interest. (Doc. 2-6 at 3–4; *see* Doc. 2-8 at 66). Appellant filed an objection pro se, which the bankruptcy court struck pursuant to the Show Cause Order. (Doc. 2-6 at 2 n.2; *see* Doc. 2-8 at 66, 69). Because the Compromise Motion was otherwise unopposed, the

[2] A bankruptcy estate "is comprised of . . . all legal . . . interests of the debtor." 11 U.S.C. § 541(a)(1). The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Id.* § 362(a)(3).

bankruptcy court entered an order (the "**Compromise Order**") granting the relief. (Doc. 2-1 at 1–2).

Appellant moved for leave to appeal the Compromise Order in forma pauperis, (*see* Doc. 2-2) ("**Motion for Leave**"), but the bankruptcy court denied the motion, (Doc. 2-3), concluding that the appeal was "frivolous and without merit," (Doc. 2-6 at 7). Appellant subsequently filed the instant appeal with this Court. Since filing this appeal, Appellant has submitted twenty-two filings on this Court's docket. (*See* Docs. 4, 7–9, 11–13, 15–27, 29, 32).

**II.**

This Court reviews the bankruptcy court's denial of a motion for leave to proceed in forma pauperis for abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008); *Hobby v. Beneficial Mortg. Co. of Va.*, No. CIV.A. 2:05cv110, 2005 WL 5409003, at *2 (E.D. Va. June 3, 2005). "[A]ny court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1). However, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* § 1915(a)(3). "Good faith" exists when a party "seeks appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is not frivolous if "there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully

pleaded." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation omitted). But a court must dismiss the appeal at any time if the court concludes that it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(ii).

As an initial matter, it appears that Appellant is attempting to appeal the merits of the Compromise Order. (*See* Doc. 1 at 1). However, this Court's review is limited to whether the bankruptcy court erred in denying the Motion for Leave. (*See* Doc. 1 at 2). In addition, this Court's review is limited to the record transmitted on appeal from the bankruptcy court.[3] (Doc. 2); *See In re: Administrative Orders of the Chief Judge*, Case No. 3:21-mc-1-TJC, at 2 (requiring the bankruptcy court to provide the district court with "a record sufficient to permit the district judge to review the bankruptcy judge's order" on a motion to proceed on appeal in forma pauperis when a party challenges the bankruptcy court's determination). Accordingly, this Court will not consider any new arguments made or evidence presented outside of this record.

Upon this Court's review, the record leaves no doubt that Appellant has continuously abused the judicial process with his filings. Although courts "construe *pro se* pleadings liberally, *pro se* litigants still must comply with procedural rules." *Smith v. Miami-Dade County*, 621 F. App'x 955, 962 (11th

[3] This Court also stayed all briefing deadlines in this case. (Doc. 14 at 1–2).

Cir. 2015) (citations omitted).[4] Despite the bankruptcy court's efforts, Appellant has inundated the bankruptcy court and this Court with at least one hundred filings in total, many of which are frivolous and repetitive.

First, Appellant claims that the bankruptcy court engaged in various actions, such as "docket tampering," "denial of court access," "retaliatory appearance, procedural obstruction, and misconduct in the altered documents," to effectively exclude certain evidence from the record at his prejudice. (Doc. 2-5 at 3; *see also id.* at 1–5). Beyond the fact that "wildly implausible allegations . . . should not be taken to be true," *Miller*, 541 F.3d at 1100, the alleged excluded evidence apparently relates to the alleged violation of a restraining order that occurred during the April 17, 2024 meeting of creditors, (*see* Doc. 2-5 at 1–2, 11–12, 37–61, 97–99), which is entirely unrelated to the factual or legal basis for the Compromise Order.

Second, Appellant appears to allege misconduct relating to the examiner's report, such as that it was "rife with inaccuracies," (Doc. 2-5 at 24), and that the United States trustee "invent[ed] confirmations of fraud that did not exist in the examiner report," (*id.* at 2). However, Appellant fails to explain why these contentions bear any relation to the Compromise Order. (*See id.* at

[4] This Court does not rely on unpublished Eleventh Circuit opinions as binding precedent; however, they may be cited in this Order when this Court finds them persuasive on a particular point. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022); Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1–5).

Appellant's numerous filings this Court's docket appear to lack a good-faith basis and fail to comply with the formatting requirements set forth in the Local Rules. *See* M.D. Fla. R. 1.08 (formatting requirements for all filings). However, this Court identifies one nonfrivolous issue within Appellant's barrage of papers. Appellant appears to argue that the bankruptcy court's striking of his objection to the Compromise Motion constitutes a denial of due process. (*See* Doc. 2-4 at 1).

A bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate" to carry out the case before it, and is not precluded "from, sua sponte, taking any action or making any determination necessary or appropriate to . . . prevent an abuse of process." 11 U.S.C. § 105(a). Courts, including bankruptcy courts, employ "a variety of injunctive devices" to restrict pro se litigants who abuse their filing privileges. *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (listing approaches courts take); *see also In re Vital Pharms., Inc.*, No. 22-17842-PDR, 2025 WL 1189882, at *3 (Bankr. S.D. Fla. Apr. 23, 2025) ("[C]ourts may fashion appropriate injunctive relief to protect the courts and parties from vexatious and abusive litigants."). However, a court cannot "completely foreclose[ ] [a litigant] from *any* access to the court." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (quoting *Procup*, 792 F.2d at 1074). Specifically, a court should not "impose blanket prohibitions

on the litigant" such that he is "completely prohibited from seeking judicial relief." *Miller*, 541 F.3d at 1097. "[C]ourts must carefully observe the fine line between legitimate restraints and an impermissible restriction on a [litigant's] constitutional right of access to the courts." *Procup*, 792 F.2d at 1072.

For example, the Eleventh Circuit in *Procup* vacated an injunction that prevented a litigant from submitting any pro se filings. *Id.* at 1071, 1074. Although the litigant had "engaged in ridiculously extensive litigation" and was eligible for pro bono legal assistance due to his indigency, the *Procup* court reasoned that the litigant's history of litigious behavior—including against many attorneys in the pro bono legal services office—may discourage attorneys from representing him, thereby "effectively enjoin[ing] [the litigant] from filing any suit." *Id.* at 1071. In addition, the Eleventh Circuit has cautioned that a blanket injunction against in forma pauperis filings "would screen out legitimate claims of the indigent." *Miller*, 541 F.3d at 1096; *cf. Patterson v. Sync*, 684 F. App'x 807, 808–09 (11th Cir. 2017) (vacating an injunction requiring an indigent litigant to post "a hefty bond" before filing any lawsuit against certain entities).

Here, the Show Cause Order provides a blanket prohibition against any pro se filing from Appellant. Although Appellant is not restricted from filing with the assistance of counsel, he might be effectively prevented from doing so due to his alleged indigency and his litigation history—given his litigious

behavior and that he has sought to pursue legal malpractice claims (such as those encompassed within the Compromise Order).

To be sure, courts have enjoined litigants "from relitigating specific claims or claims arising from the same set of circumstances," required that the litigant certify that the claims raised in any new pleading are novel, or "directed the litigant to seek leave of court before filing pleadings in any . . . pending lawsuit." *Procup*, 792 F.2d at 1072. However, the Compromise Motion was a new request for relief that potentially affected Appellant's rights. Because his objection was stricken pursuant to a blanket prohibition on pro se filings, Appellant was not afforded any opportunity to present his objection. Taken together, Appellant's legal argument and factual allegations against his restriction on pro se filings are "not so fantastical as to be clearly baseless." *Miller*, 541 F.3d at 1101.

Thus, this Court vacates the denial of the Motion for Leave. Because the bankruptcy court did not decide whether Appellant met the indigency requirements under 28 U.S.C. § 1915(a)(1), (*see* Doc. 2-6 at 6 n.8), this Court remands this case for further proceedings, *In re Sublett*, 895 F.2d 1381, 1384 (11th Cir. 1990) ("If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court . . . must remand the case to the bankruptcy court for the necessary factual determination." (quotation omitted)). To be clear, this Order "is no

repudiation of the . . . court's authority to manage its own docket." *Patterson*, 684 F. App'x at 808. This Court and the bankruptcy court retain considerable discretion to take appropriate action to prevent parties from abusing the judicial process. Appellant is cautioned that future frivolous conduct may result in the imposition of sanctions or other filing restrictions.

In light of the foregoing, it is **ORDERED**:

1. The bankruptcy court's denial of Appellant's motion for leave to appeal in forma pauperis is **VACATED**.

2. This case is **REMANDED** to the bankruptcy court for further proceedings consistent with this Order.

3. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Jacksonville, Florida on August 25, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
*Pro Se* Party
Counsel of Record